[Crim. No. 13693. Third Dist. Apr. 11, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
WAYNE EUGENE WYMAN, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*Pursuant to rule 976.1 of the California Rules of Court, all portions of this opinion shall be published except part I of the Discussion.

**COUNSEL**

Dale Dombkowski, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Joel Carey and Esteban Hernandez, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

SIMS, J.—

FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged by information with four counts of violating Penal Code section 288[1] (lewd and lascivious acts upon a child under 14). The information also alleged a prior felony conviction of violating section 288 within the meaning of section 667.51. At his arraignment, defendant pled not guilty to all counts and denied the prior conviction.

Defendant later withdrew his pleas of not guilty, pled guilty to count two (§ 288) and admitted the prior conviction (§ 667.51). Counts one, three and four were dismissed on the motion of the district attorney in the interest of justice.

Defendant admitted to the probation officer that he committed the charged offenses. For two weeks at the beginning of January 1984, defendant was staying as a guest with the family of William V. Defendant went into nine-year-old Dina V.'s bedroom on three or four different occasions and woke her either by inserting his finger or penis into her vagina, or attempting to do so, and apparently ejaculating.

Desi B., Dina's eight-year-old stepsister, had been staying with her grandmother during most of this time. When Desi returned home, defendant came into her bedroom on two nights. On the first night defendant had intercourse with Dina, apparently to the point of ejaculation. Defendant fondled Dina's vagina on the second night.

Both girls were afraid to tell Mr. V. of the molestations for fear that a fight might occur. Desi finally did tell her grandmother, and Mr. V. eventually found out. Mr. V. then confronted defendant, beat him up, and reported the molestations to the authorities.

At the time defendant committed these offenses he was on parole for a prior conviction of lewd and lascivious acts upon a minor (§ 288).

---

[1]All statutory references are to the Penal Code unless indicated otherwise.

Following the recommendation of the probation officer who prepared the sentencing report, the trial court sentenced defendant to the middle term of six years for violation of section 288 plus a five-year enhancement pursuant to section 667.51 for a total of eleven years. The court also ordered defendant to pay a $1,000 restitution fine pursuant to section 1202.4 and Government Code section 13967. This appeal followed.

Defendant argues that (1) California Rules of Court, rule 441(b) requires that his five-year enhancement imposed pursuant to section 667.51 be stricken because it was based on dual use of facts; (2) his sentence must be reduced to the lower term because the trial court used inappropriate facts in aggravation to impose a middle term; and (3) the trial court unlawfully imposed a restitution fine of $1,000 pursuant to section 1202.4 and Government Code section 13967. In an unpublished portion of this opinion, we reject defendant's first two contentions. Here, we reject his third and therefore affirm the judgment.

DISCUSSION

I*

. . . . . . . . . . . . . . . . . . . . . .

II

Defendant contends the trial court unlawfully imposed a restitution fine of $1,000 pursuant to section 1202.4 and Government Code section 13967.[2]

---

*See footnote, *ante,* page 810.

[2]Section 1202.4 provides in pertinent part: "(a) In any case in which a defendant is convicted of a felony, the court shall order the defendant to pay a restitution fine as provided in subdivision (a) of Section 13967 of the Government Code. Such restitution fine shall be in addition to any other penalty or fine imposed and shall be ordered regardless of the defendant's present ability to pay. However, if the court finds that there are compelling and extraordinary reasons, the court may waive imposition of the fine. When such a waiver is granted, the court shall state on the record all reasons supporting the waiver."

Government Code section 13967 provides: "(a) Upon a person being convicted of any crime in the State of California, the court shall, in addition to any other penalty provided or imposed under the law, order the defendant to pay restitution in the form of a penalty assessment in accordance with Section 1464 of the Penal Code. In addition, if the person is convicted of one or more felony offenses, the court shall impose a separate and additional restitution fine of not less than one hundred dollars ($100) and not more than ten thousand dollars ($10,000). In setting the amount of the fine for felony convictions, the court shall consider any relevant factors including, but not limited to, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, and the extent to which others suffered losses as a result

Relying on *State* v. *Stalheim* (1976) 275 Ore. 683 [552 P.2d 829, 79 A.L.R.3d 969], defendant asserts his fine represents "unliquidated damages" that were imposed in violation of due process of law.

In *Stalheim,* defendant was convicted of criminally negligent homicide after the car he was driving struck an oncoming vehicle and killed two people. (*Id.,* at p. 830.) At the time, section 137.540(10) of Oregon Revised Statutes authorized a sentencing court to require as a condition of probation that the defendant shall " 'Make reparation or restitution to the aggrieved party for the damage or loss caused by [the] offense, in an amount to be determined by the court.' " (*Ibid.*) Relying on that statute, the trial court ordered the defendant to pay $2,500 restitution to a man whose wife and daughter had been killed in the accident. (*Ibid.*)

Relying on various policy considerations,[3] the Oregon Supreme Court construed the words "reparation" and "restitution" in the statute "as encompassing only reimbursement for the victim's liquidated or easily measurable damages resulting from the charged offense." (*Id.,* at p. 832.)

*Stalheim* is clearly wholly inapposite. The Oregon court simply interpreted ambiguous words in the Oregon statute to conclude, as a matter of policy, that only easily measurable, liquidated damages could be considered for purposes of "restitution" or "reparation." Here, subdivision (a) of section 13967 expressly allows the court to consider "intangible losses, such as psychological harm caused by the crime." The California statute thus presents no ambiguity subject to interpretation.  ■  When statutory language is clear and unambiguous there is no need for construction and courts should not indulge in it. (*People* v. *Boyd* (1979) 24 Cal.3d 285, 294 [155 Cal.Rptr. 367, 594 P.2d 484].)  ■  If the trial court considered psychological

of the crime. Such losses may include pecuniary losses to the victim or his or her dependents as well as intangible losses, such as psychological harm caused by the crime. Except as provided in Section 1202.4 of the Penal Code, under no circumstances shall the court fail to impose the separate and additional restitution fine required by this section. This fine shall not be subject to penalty assessments as provided in Section 1464 of the Penal Code.

"(b) The fine imposed pursuant to this section shall be deposited in the Restitution Fund in the State Treasury. Notwithstanding Section 13340, the proceeds in the Restitution Fund are hereby continuously appropriated to the board for the purpose of indemnifying persons filing claims pursuant to this article. However, the funds appropriated pursuant to this section for administrative costs of the State Board of Control shall be subject to annual review through the State Budget process."

Section 1202.4 was enacted pursuant to the command of section 28, subdivision (b) of article I of the California Constitution, a part of "the Victim's Bill of Rights," which requires in pertinent part that, "Restitution shall be ordered from the convicted persons in every case . . . ." (See Stats. 1983, ch. 1092, § 320.1.) Government Code section 13967 was amended at the same time. (*Id.,* at § 135.2.)

[3]These included the inability of the trial judge to measure unliquidated damages and the effect of the restitution order on civil trials. (*State* v. *Stalheim, supra,* 552 P.2d at p. 831.)

harm caused the minor victims in setting the amount of the fine (a matter not apparent on the face of the record), it did so properly.

Defendant's due process contention is unclear. Defendant simply asserts baldly, without citation to authority, "Authorizing trial courts to impose restitution fines without a proper hearing not only results in the problems listed by the Oregon Supreme Court [in *State* v. *Stalheim, supra,* 552 P.2d 829] but also infringes upon a defendant's due process rights." To the extent defendant is contending he was entitled by due process to a hearing other than the sentencing hearing he got in connection with the fine imposed on him, we reject that contention. Preliminarily, we note that although *Stalheim* states the defendant is entitled to a hearing on the amount of the victim's loss, the procedures governing it are not specified.[4] (*State* v. *Stalheim, supra,* 552 P.2d at p. 832.)

■ Moreover, the restitution fine levied on defendant in the instant case (unlike the restitution at issue in *Stalheim* and unlike the restitution contemplated by section 1203.1 as a condition of probation) does not provide direct reimbursement to a victim based upon the victim's losses or damages. (Cf. § 1203.1; *People* v. *Richards* (1976) 17 Cal.3d 614, 620-621 [131 Cal.Rptr. 537, 552 P.2d 97]; *People* v. *Cervantes* (1984) 154 Cal.App.3d 353 [201 Cal.Rptr. 187].) The restitution fine at issue here is in no sense a substitute for a civil action for damages by the victim. (Cf. *State* v. *Stalheim, supra,* 552 P.2d at p. 832.) It is, first and foremost, a fine levied as a form of punishment. Thus, for example, it is not paid to the victim but is rather paid into a statewide fund for the reimbursement of all victims. (Gov. Code, § 13967, subd. (b); see fn. 2, *ante.*) Moreover, losses suffered by the victim are but one factor a trial court may consider in setting the amount of the fine; other considerations include the seriousness and gravity of the offense and the circumstances of its commission and any economic gain derived by the defendant as a result of the crime. (*Ibid.*)

As is common with the imposition of punishment in criminal cases, including fines, the restitution fine is based upon evidence at trial or, as in this case where defendant has admitted his guilt, upon circumstances set forth in the probation report. ■ Neither the state nor federal Constitution precludes a trial court from considering matters in a probation report for the purpose of arriving at an appropriate punishment. (See *People* v. *Arbuckle* (1978) 22 Cal.3d 749, 753-754 [150 Cal.Rptr. 778, 587 P.2d 220, 3 A.L.R.4th 1171]; cf. *People* v. *Stanley* (1984) 161 Cal.App.3d 144 [207 Cal.Rptr. 258].)

[4] We also note the case contains no mention of due process.

Defendant's counsel reviewed the probation report at issue prior to the sentencing hearing. Defendant makes no contention that, in setting the amount of the fine, the trial court relied on information to which defendant had no opportunity to respond with appropriate affirmative evidence. (Cf. *In re Calhoun* (1976) 17 Cal.3d 75, 84 [130 Cal.Rptr. 139, 549 P.2d 1235]; *People* v. *Cervantes, supra,* 154 Cal.App.3d at p. 358.)

■ We conclude defendant was afforded adequate due process under both state and federal Constitutions when the amount of his restitution fine was set at his sentencing hearing. (See *People* v. *Arbuckle, supra,* 22 Cal.3d at pp. 754-756; *Williams* v. *New York* (1949) 337 U.S. 241 [93 L.Ed. 1337, 69 S.Ct. 1079].)

Defendant next argues the record does not support the $1,000 fine. We disagree. The probation report discussed the charged offenses; the circumstances of their commission; and the physical, emotional and psychological impact on the victims and their family. In a nutshell, the report shows defendant, who has a long history of pedophilia, caused both physical and psychological harm to the minor victims.

Government Code section 13967, subdivision (a) provides for a fine not to exceed $10,000; the trial court imposed one-tenth of the maximum. ■ In the absence of a clear showing of abuse, the trial court's sentencing discretion will not be disturbed on appeal. (*People* v. *Giminez* (1975) 14 Cal.3d 68, 72 [120 Cal.Rptr. 577, 534 P.2d 65].) ■ No abuse of discretion appears here.

DISPOSITION

The judgment is affirmed.

Evans, Acting P. J., and Sparks, J., concurred.