[No. F006571. Fifth Dist. July 14, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
ROY GRIFFIN, Defendant and Appellant.

**COUNSEL**

Charlotte A. Wittig, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Michael T. Garcia and Esteban Hernandez, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**THE COURT*** —Appellant was convicted on his guilty plea entered in superior court to one count of petty theft with a prior conviction of petty theft (Pen. Code, § 666). The offense giving rise to the charge was the theft of three cartons of cigarettes, having a value of $26, from a Save-Mart store in Exeter, California. Appellant was sentenced to the middle term of two years in prison and was ordered to pay a restitution fine of $2,000 pursuant to Government Code section 13967.

The sole issue on appeal is whether the trial court abused its discretion in imposing the restitution fine. Appellant contends that the record does not reflect circumstances sufficient to support the imposition of a $2,000 fine for the theft of cigarettes valued at $26.

---

*Before Franson, Acting P. J., Martin, J., and Best, J.

Government Code section 13967 provides in pertinent part: "(a) Upon a person being convicted of any crime in the State of California, the court shall, in addition to any other penalty provided or imposed under the law, order the defendant to pay restitution in the form of a penalty assessment in accordance with Section 1464 of the Penal Code. In addition, if the person is convicted of one or more felony offenses, the court shall impose a separate and additional restitution fine of not less than one hundred dollars ($100) and not more than ten thousand dollars ($10,000). *In setting the amount of the fine for felony convictions, the court shall consider any relevant factors including, but not limited to, the seriousness and gravity of the·offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, and the extent to which others suffered losses as a result of the crime. Such losses may include pecuniary losses to the victim or his or her dependents as well as intangible losses, such as psychological harm caused by the crime. . . .*" (Italics added.)

■ A fine levied pursuant to Government Code section 13967 is a form of punishment. (*People* v. *Wyman* (1985) 166 Cal.App.3d 810, 815 [212 Cal.Rptr. 668].) The trial court has broad discretion in deciding the amount of fine to be imposed and need not provide a statement of reasons on the record. (*People* v. *Romero* (1985) 167 Cal.App.3d 1148 [213 Cal.Rptr. 774].) However, the fine must be supported by the record, including those circumstances set forth in the probation officer's report. (*People* v. *Feno* (1984) 154 Cal.App.3d 719, 735 [201 Cal.Rptr. 513]; *People* v. *Romero, supra,* at p. 1157; *People* v. *Wyman, supra,* at p. 815.) The probation officer's report in the present case reveals an extensive criminal history dating back to 1948, including numerous forgeries, auto thefts, petty thefts, burglaries and narcotics violations.

■ While Government Code section 13967 does not specifically identify the defendant's criminal history as a factor to be considered, it does provide that the court shall consider any relevant factors, including, but not limited to, those factors listed.[1] A defendant's history of criminality is a

---

[1] The legislative history of Government Code section 13967 supports a broad construction of the factors to be considered by the trial court. In the report from the Assembly Committee on Criminal Law and Public Safety it was stated, "[t]he court is to consider a variety of factors in choosing the amount of the fine, including such things as the seriousness of the crime, victim losses and the extent to which the defendant profited from the crime." (See Assem. Com. on Crim. Law & Public Safety Rep. on Assem. Bill No. 1485 (1983 Reg. Sess.) p. 2.) The report from the Senate Committee on Judiciary stated, "[i]n setting the amount of the fine for felony offenses, the court would consider the seriousness and gravity of the offense, the circumstances of the crime, and the economic gain to the defendant or loss to the victim including losses to dependents and psychological harm, and any other factors the court found relevant." (See Sen. Com. on Judiciary Rep. on Assem. Bill No. 1485 (1983 Reg. Sess.) p. 3.)

well-recognized factor to be considered in determining what sentence is to be imposed. (Cal. Rules of Court, rule 421(b)(2).) This court can see no reason in logic why consideration of the defendant's criminal record would constitute an abuse of discretion in the context of imposing a restitution fine, but not in imposing a prison sentence. This is especially true in the context of a Penal Code section 666 violation wherein the seriousness of the offense charged is the fact that the defendant is a recidivist. The trial court did not abuse its discretion in imposing the $2,000 restitution fine.

The judgment is affirmed.