Filed 9/26/13  In re T.M. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| In re T.M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>T.M.,<br><br>Defendant and Appellant. | C071746<br><br>(Super. Ct. No. JD-12-94) |

Appellant T.M., a minor, pleaded no contest to committing a misdemeanor curfew violation and violating park curfew, an infraction.  The juvenile court adjudged him a ward of the court and placed him on probation with various terms and conditions.

On appeal, the minor challenges the imposition of certain gang-related conditions of probation, and contends the court erred in imposing a restitution fine in excess of the $100 statutory maximum (Welf. & Inst. Code, § 730.6, subd. (b)(2)).  We reduce the restitution fine to $100, add to the gang-related conditions a reference to the definition of

1

criminal street gang contained in Penal Code section 186.22, subdivision (f) and otherwise affirm the order of the juvenile court.

## BACKGROUND

Officers investigating the report of a gang fight in Woodland saw the minor standing on the street corner. An officer spoke with the minor and asked (among others) whether he had any weapons. The minor responded that he had a taser. In his pockets, officers found the taser, a cigar, and a lighter.

A petition was filed in case JD-12-94, alleging that the minor is a person within the provisions of Welfare and Institutions Code section 602 because he possessed a stun gun (a misdemeanor), violated city curfew (a misdemeanor), violated park curfew (an infraction), and possessed tobacco products (an infraction).

While that petition was pending, a second petition was filed in case JD-12-160, alleging that the minor committed second degree burglary and received stolen property.

The minor pleaded no contest to violating city curfew (a misdemeanor), and violating park curfew (an infraction), in exchange for dismissal of the other allegations in case JD-12-94, and all allegations of JD-12-160. He was remanded to the custody of his father and placed on probation. Among the conditions of probation, the court directed the minor to "[s]tay away from anyone you know or Probation tells [you] is a gang member. Do not possess or have under your control any gang colors or gang paraphernalia. Do not use gang signs." The court also imposed a restitution fine of $130, of which $110 goes to the "state restitution fund" and $20 represents a "collection fee."

## DISCUSSION

### I

*The Probation Conditions are Neither Invalid nor Unconstitutional*

Over the minor's objections, the trial court imposed the gang-related conditions of probation quoted above. On appeal, the minor contends these conditions (1) are invalid because they are not justified by the circumstances of his crimes or his social history, and

2

(2) are unconstitutionally vague because they do not define the term "gang" and do not contain a knowledge requirement.

The minor is trifling with the court on both assertions. Why? Because the court directed the minor to "[s]tay away from anyone you know or Probation tells [you] is a gang member. Do not possess or have under your control any gang colors or gang paraphernalia. Do not use gang signs." What does all that mean? First, the court means for the minor to stay away from the bad people as advised by his probation officer or those with whom he was associating (1) when he was arrested in this case for being out after midnight, armed with a weapon, and where a gang fight had been reported, (2) when he was earlier arrested for participating in criminal street gang-related activity, and (3) when he was earlier doing things that led to juvenile court findings and to the imposition of gang conditions of probation in two different cases. Second, the court prohibitions not to possess or control gang colors or gang paraphernalia or to use gang signs are unmistakable.

In any event, the Legislature has given trial courts broad discretion to devise appropriate conditions of probation, so long as they are intended to promote the "reformation and rehabilitation" of the probationer. (Pen. Code, § 1203.1, subd. (j); *In re Luis F.* (2009) 177 Cal.App.4th 176, 188.) Welfare and Institutions Code section 730, subdivision (b) provides that when a minor is adjudged a ward of the court and "is placed under the supervision of the probation officer . . . , the court may make any and all reasonable orders for the conduct of the ward . . . . The court may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." This section grants courts broad discretion in establishing conditions of probation in juvenile cases, even broader than that of a criminal court, because "juveniles are deemed to be more in need of guidance and supervision than adults, and because a minor's constitutional rights are more circumscribed." (See *In re Antonio R.* (2000) 78

3

Cal.App.4th 937, 941; *In re Christopher M*. (2005) 127 Cal.App.4th 684, 692, disapproved on another matter in *People v. Gonzales* (2013) 56 Cal.App.4th 353, 375, fn. 6.) Generally, we review the court's imposition of a probation condition for an abuse of discretion. (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1121; accord, *In re Christopher M., supra*, 127 Cal.App.4th at p. 692.) However, we review constitutional challenges to a probation condition de novo. (*In re J.H.* (2007) 158 Cal.App.4th 174, 183.)

A condition of probation is not invalid unless it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality. All three factors must be present to invalidate a condition of probation. (*In re R.V.* (2009) 171 Cal.App.4th 239, 246.) Applying these criteria, we disagree with the minor that the gang-related conditions were invalid and therefore improperly imposed. The minor violated a city curfew ordinance and park curfew because he was out after midnight, and at the scene when officers responded to reports of a gang fight. Not only was he present where a gang fight had been reported, but the minor also had a weapon in his pocket. Although he denied to the probation officer associating with gang members, he had been arrested in 2008 for participating in criminal street gang-related activity, and in two previous cases the juvenile court had ordered gang conditions of probation. Under such circumstances, the court does not need additional evidence the minor is yet a gang member in order to impose conditions of probation requiring a minor to steer clear of gang associations and paraphernalia. "Where a court entertains genuine concerns that the minor is in danger of falling under the influence of a street gang, an order directing a minor to refrain from gang association is a reasonable preventive measure in avoiding future criminality and setting the minor on a productive course." (*In re Laylah K*. (1991) 229 Cal.App.3d 1496, 1502.) Here, in view of the minor's present and past situation, the juvenile acted within its discretion in ordering the gang conditions as a reasonable preventative measure to help the minor avoid future criminality.

4

We disagree that the gang conditions of the minor's probation are unconstitutionally vague. A restriction is unconstitutionally vague if it is not sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated. (See *In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.) The underpinning of a vagueness challenge is the due process concept of "fair warning" and the "rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders' [citation], protections that are 'embodied in the due process clauses of the federal and California Constitutions.' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.) A restriction failing this test does not give adequate notice—i.e., "fair warning"—of the conduct proscribed. (*Ibid.*)

Noting that other cases have held the word " 'gang' " to have both " 'sinister' " and " 'considerable benign connotations,' " the minor contends a gang-related condition of probation must include a definition of the word "gang" to overcome a constitutional challenge. Indeed, the U.S. Supreme Court in *Lanzetta v. New Jersey* (1939) 306 U.S. 451, 453-455 [83 L.Ed. 888, 890-891] long ago invalidated a New Jersey anti-gang statute in part because the word "gang" had various definitions in dictionaries and in historical and sociological writings, but no definition in statutory or case law, and other courts have continued to follow this analysis. (E.g., *People v. Lopez* (1998) 66 Cal.App.4th 615, 631 [noting that dictionary definition of "gang" includes a " 'group of persons working under the same direction or at the same task' "]; see also *People v. Leon* (2010) 181 Cal.App.4th 943, 948-950 [modifying order proscription on associating with ' "gang members' " to " 'member[s] of a criminal street gang' "].) In our view, it is instead "obvious that the juvenile court intended only to ban [the minor] from places involving activity by 'sinister' gangs" and he "need not worry about attending a Rotary Club meeting or an Eagle Scout campout," and, accordingly, we "need not tarry over this argument." (Cf. *In re Victor L.* (2010) 182 Cal.App.4th 902, 914.) In short, it is not

ambiguous: the word "gang" in the conditions of probation means "criminal street gang" and the conditions using the word "gang" both give the minor sufficient notice of the precluded activities and are sufficiently precise for the court to determine whether the condition has been violated. We nonetheless add to the conditions a reference to the definition of "criminal street gang" contained in Penal Code section 186.22, subdivision (f).

We also reject the minor's claim that the gang-related probation conditions are unconstitutionally vague because they lack a knowledge requirement. The minor concedes that just two years ago in *People v. Patel* (2011) 196 Cal.App.4th 956, 960, this court announced "our intent to henceforth no longer entertain this issue on appeal." We held that, hereafter we would "construe every probation condition proscribing a probationer's presence, possession, association, or similar action to require the action be undertaken knowingly. It [is] no longer . . . necessary to seek a modification of a probation order that fails to expressly include such a scienter requirement." (*Id*. at pp. 960-961, fn. omitted.) Because the minor indicates he raises this issue on appeal only to preserve the issue for future federal review, we do not consider this issue further. The probation conditions at issue here fall squarely within the "presence, possession, association, or similar action" described by the court in *Patel* whereby the court construes the "probation condition . . . to require the action be undertaken knowingly." (*People v. Patel, supra*, 196 Cal.App.4th at pp. 960-961.)

II

*The Faulty Restitution Fine*

The minor contends the juvenile court abused its discretion in imposing a $130 restitution fine under Welfare and Institutions Code section 730.6. The People agree, and ask that we reduce the fine to the statutory maximum.

We agree the court abused its discretion and the restitution fine must be reduced to $100. (See *People v. McGhee* (1988) 197 Cal.App.3d 710, 716.) Welfare and

6

Institutions Code, section 730.6, subdivision (b)(2) provides that a restitution fine of no more than $100 may be imposed on a minor found to have committed one or more misdemeanor offenses. Subdivision (q) of that section allows the county to impose an additional fee for the collection of the restitution fine, not to exceed 10 percent of the fine.

## DISPOSITION

Paragraph 12 of the court's findings and orders, is modified to require the minor to pay a restitution fine in the amount of $100, plus a $10 collection fee. Paragraph 39 is modified to read "Stay away from anyone you know or Probation tells you is a gang member [meaning 'criminal street gang' as defined in Penal Code section 186.22, subd. (f)]. Do not possess or have under your control any gang colors or gang paraphernalia. Do not use gang signs." In all other respects, the order of the juvenile court is affirmed.

NICHOLSON , J.

We concur:

RAYE , P. J.

ROBIE , J.

7