Filed 1/20/15  P. v. Cains CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B257087 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA110927) |
| v. | |
| RONALD E. CAINS, | |
| Defendant and Appellant. | |

THE COURT[*]

Defendant Ronald E. Cains appeals from the denial of his petition for modification of sentence.  Defendant requested the court to reduce the $10,000 restitution fine imposed under Penal Code section 1202.4, subdivision (b).  On April 7, 2014, the court denied the motion on the following grounds:  (1) the defendant had previously made the same request, which was denied on February 3, 2012, and (2) there was no legal justification for reducing the restitution fine.  There was no hearing.

We appointed counsel to represent defendant on this appeal.  After examination of the record, counsel filed an "Opening Brief" containing an acknowledgment that he had been unable to find any arguable issues.  On September 16, 2014, we advised defendant that he had 30 days within which to personally submit any contentions or issues that he

---

[*]     BOREN, P.J.          ASHMANN-GERST, J.          CHAVEZ, J.

wished us to consider. Although defendant did not file a supplemental brief after the notice, he did file a declaration on June 3, 2014, in response to the current denial of his request. He asserts he did not realize he had already requested the modification and had been denied by the same court. He also complains that his attorney failed to move at sentencing for a hearing to show whether defendant had the ability to pay the restitution fine under section 1202.4. He points out he was granted in forma pauperis status and appointed counsel at trial.

The record in the instant case contains no information regarding defendant's original sentencing hearing. Our unpublished opinion in case No. B109271[1] shows that defendant was convicted of second degree robbery (Pen. Code, § 211),[2] kidnapping for robbery (§ 209, subd. (b)), kidnapping for ransom (§ 209, subd. (a)), attempted first degree robbery (§§ 664, 211), first degree robbery (§ 211), and first degree murder (§ 187, subd. (a)). Defendant is serving a sentence for life without the possibility of parole. The record does not contain defendant's current request to reduce his fine, and the superior court clerk certifies that it cannot be found.

Since there is no transcript of the sentencing hearing, there is no record of any findings or remarks by the trial court regarding defendant's ability to pay. In any event, the statute does not require an express finding. (*People v. Urbano* (2005) 128 Cal.App.4th 396, 405.) There is no information as to whether defendant objected to the amount of the fine or whether the probation report recommended the maximum amount, in which case a failure to object would constitute a waiver of the issue. (*People v. Menius* (1994) 25 Cal.App.4th 1290, 1299; accord, *People v. Douglas* (1995) 39 Cal.App.4th 1385, 1396.) We note that defendant did not appeal the amount of the restitution fine.

---

[1] On our own motion, we take judicial notice of our unpublished opinion in case No. B109271, *People v. Cloud et al.*, filed January 21, 1999. (Evid. Code, §§ 452, subd. (d)(1), 459.)

[2] All further references to statutes are to the Penal Code unless stated otherwise.

At the time of defendant's crimes, under former section 1202.4, the court had discretion to impose a restitution fine of no less than $200 and up to $10,000 on a felony defendant at sentencing. (Stats. 1994, ch. 1106, § 3, p. 6548.) Section 1202.4 provided and currently provides that the fine is to be commensurate with the seriousness of the offense. The aggravated nature of the current offense alone may provide sufficient reason for the imposition of a maximum restitution fine. (§ 1202.4, subd. (b)(1); *People v. McGhee* (1988) 197 Cal.App.3d 710, 717.) Based on the egregious offenses committed by defendant and his codefendants, which ultimately resulted in the death of a seven-month-old baby, the court was justified in imposing the maximum fine and in later declining defendant's request to modify the fine. We may infer that the trial court took into account the factors as required by the statute, which included defendant's ability to pay.[3] (*People v. Frye* (1994) 21 Cal.App.4th 1483, 1485-1486.)

Furthermore, a finding of ability to pay a restitution fine may be based on the wages a defendant will earn in prison. (*People v. Gentry* (1994) 28 Cal.App.4th 1374, 1377; *People v. Frye*, *supra*, 21 Cal.App.4th 1483, 1487.) A defendant may lack the ability to pay the costs of court-appointed counsel— a determination based on the defendant's *present* ability to pay (§ 987.8)—and still have the ability to pay a restitution fine in the future. (*People v. Douglas*, *supra*, 39 Cal.App.4th at pp. 1396-1397; *People v. Frye*, *supra*, 21 Cal.App.4th at pp. 1486-1487.) From defendant's declaration, it appears

---

[3]    Subdivision (d) of section 1202.4 provides, "In setting the amount of the fine . . . in excess of the minimum fine pursuant to paragraph (1) of subdivision (b), the court shall consider any relevant factors, including, but not limited to, the defendant's inability to pay, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, the extent to which any other person suffered any losses as a result of the crime, and the number of victims involved in the crime. Those losses may include the pecuniary losses to the victim or his or her dependents as well as intangible losses, such as psychological harm caused by the crime. Consideration of a defendant's inability to pay may include his or her future earning capacity. A defendant shall bear the burden of demonstrating his or her inability to pay. Express findings by the court as to the factors bearing on the amount of the fine shall not be required. A separate hearing for the fine shall not be required."

his greatest concern is that the money is taken from deposits into his trust account in addition to his wages—deposits made by his family and friends. As with any money judgment, within certain statutory limitations, all of defendant's assets are relevant to his ability to pay the restitution fine. (§§ 1202.43, subds. (a), (b), 1214; see *People v. Willie* (2005) 133 Cal.App.4th 43, 47-49.)

We have examined the entire record and are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The order appealed from is affirmed.