Filed 5/13/16  P. v. Young CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C078870 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF1511) |
| v. | |
| JASON GRANT YOUNG, | |
| Defendant and Appellant. | |

Defendant Jason Grant Young pleaded no contest to oral copulation of his daughter, A.Y., a child less than 10 years old.  The trial court sentenced him to prison for a term of 15 years to life and ordered that defendant would have no visitation with his children S.Y. and A.Y.  Among other things, the trial court also ordered defendant to pay a $10,000 restitution fine pursuant to Penal Code section 1202.4.[1]

---

[1] Undesignated statutory references are to the Penal Code.

On appeal, defendant contends the trial court erred in ordering no visitation with S.Y., who was not a named victim, and erroneously listed his wife's birthday on the no-visitation order instead of A.Y.'s. Defendant further contends the trial court incorrectly ordered him to pay a $60 DNA surcharge, which he contends should only be a $30 surcharge, and the trial court abused its discretion in ordering him to pay a $10,000 restitution fine.

We conclude the trial court did not abuse its discretion in ordering defendant to pay a $10,000 restitution fine. We accept the People's concession that the no-visitation order must be corrected to eliminate S.Y. and correct A.Y.'s birth date, and the DNA surcharge must be reduced to $30. We also accept defendant's concession that the trial court should have imposed a $120 DNA penalty under Government Code section 76104.7. We will amend the judgment accordingly and affirm the judgment as amended.

## BACKGROUND

On January 6, 2015, the People charged defendant with four counts of sexually abusing his daughter, A.Y., who was then five years old. Defendant pleaded no contest to oral copulation of a child under 10 years old. (§ 288.7, subd. (b).) In exchange for defendant's plea, the People agreed they would move to dismiss the remaining charges and stipulate to a term of 15 years to life in state prison.

On January 14, 2015, the trial court accepted defendant's plea. The trial court later sentenced defendant in accordance with his plea and dismissed the remaining charges. The court also followed the recommendation of the probation department and ordered defendant to pay a $10,000 restitution fine, despite defendant's request that the court set the fine "as low as possible." The court explained that "[g]iven the gravity of the offense, I believe . . . it's appropriate."

The court also ordered defendant to pay, among other fines and fees, a $300 base fine under Penal Code section 290.3, to which the court appended a $60 DNA surcharge

2

pursuant to Government Code section 76104.6. And the court issued an order prohibiting defendant from visiting with either of his children: "A.Y., (D.O.B. [a date in 1987]) and S.Y. (D.O.B. [a date in 2013]) . . . ."

## DISCUSSION

### A.    *$10,000 Restitution Fine*

Defendant claims the trial court abused its discretion in ordering him to pay a $10,000 restitution fine. In support of his claim, defendant argues that he has no ability to pay the fine and the fine itself "harms the victim by draining assets from the victim's own family." We are not persuaded.

In determining whether a defendant has the ability to pay a restitution fine, "the court is not limited to considering a defendant's *present* ability but may consider a defendant's ability to pay in the future." (*People v. Frye* (1994) 21 Cal.App.4th 1483, 1487.) The determination under this statute "does not necessarily require existing employment or cash on hand." (*People v. Staley* (1992) 10 Cal.App.4th 782, 785.) In fact, unless there are compelling and extraordinary reasons, the defendant's lack of assets and limited employment potential are not germane to his or her ability to pay the fine. (*People v. McGhee* (1988) 197 Cal.App.3d 710, 715; see § 1202.4, subd. (c).) Prison wages may be considered in determining ability to pay restitution fines, and the statute presumes that "a defendant has the ability to pay the fine." (*People v. DeFrance* (2008) 167 Cal.App.4th 486, 505 (*DeFrance*).)

The trial court did not make an express finding that defendant had the ability to pay a $10,000 restitution fine. However, an implied finding of ability to pay is supported by the record. (See *People v. Gentry* (1994) 28 Cal.App.4th 1374, 1376-1378 [implied finding of ability to pay restitution fine].) First, the trial court properly considered the seriousness of defendant's crime when setting the restitution fine. (§ 1202.4, subd. (d); see also *De France*, *supra*, 167 Cal.App.4th at p. 505.)

3

In addition, defendant can earn wages while he is in prison as he was only 29 years old at the time of sentencing and will be 44 years old when he is eligible for parole. Defendant has a general educational development certificate and expressed an interest in furthering his education. Defendant was employed at the time of his arrest and was not receiving any financial assistance, and he expressed an interest in obtaining job skills while in prison in order to increase his employment opportunities upon his release. We thus conclude the record supports an implied finding that defendant has the ability to pay the $10,000 fine over his lifetime.

Defendant alternately claims that collecting a $10,000 fine from him "harms the victim in this case by draining assets from her own family." We can think of no reasoned argument to support a claim that defendant should be relieved of having to pay the maximum restitution fine because he chose his daughter to be his victim.

In sum, the trial court did not abuse its discretion in ordering defendant to pay a $10,000 restitution fine.

**B.** *No-Visitation Order*

Defendant contends the no-visitation order must be narrowed to apply only to A.Y., the victim. The People concede the issue. Section 1202.05, subdivision (a) states in relevant part: "Whenever a person is sentenced to the state prison on or after January 1, 1993, for violating Section . . . 288 . . . , and the victim of one or more of those offenses is a child under the age of 18 years, the court shall prohibit all visitation between the defendant and the child victim." Defendant's child S.Y. was not a victim in this case. Accordingly, the no-visitation order should not include S.Y. We therefore accept the People's concession and strike S.Y.'s name from the no-visitation order. (See *People v. Turner* (2002) 96 Cal.App.4th 1409, 1413-1415 (*Turner*) [an unauthorized sentence may be corrected by an appellate court even in the absence of an objection or argument below].)

4

Defendant also contends that the trial court wrote his wife's date of birth on the no-visitation order instead of A.Y.'s. The victim was only four years old when she was sexually abused by defendant, not 26 years old. Accordingly, the listed date of birth appears to be a clerical error. The People concede the error and agree the order should be corrected. We shall direct the trial court to correct the order accordingly.

**C.      *DNA Surcharge/Penalty***

Defendant also claims the DNA surcharge imposed by the trial court under Government Code section 76104.6 was "twice as high as is legally authorized." The People concede the error.

Government Code section 76104.6 imposes a penalty of $1 for every $10 (or a fraction thereof) in fines, penalties, and forfeitures as a DNA assessment. (Gov. Code, § 76104.6, subd. (a).) Under this formula, the trial court should have imposed a DNA surcharge of $30, not $60, under Government Code section 76104.6. We shall amend the judgment accordingly. (*Turner*, *supra*, 96 Cal.App.4th at pp. 1413-1415.)

The People note, however, that the trial court also failed to impose the mandatory 40 percent state-only DNA penalty under Government Code section 76104.7. (See *People v. Hamed* (2013) 221 Cal.App.4th 928, 940-941 & fn. 8 [effective June 27, 2012, Pen. Code, § 290.3 base fine subject to state-only DNA penalty under Gov. Code, § 76104.7 in the amount of 40 percent].) Accordingly, here the court should have imposed a $120 state-only DNA penalty. Defendant concedes the error. We will amend the judgment accordingly. (*Turner*, *supra*, 96 Cal.App.4th at pp. 1413-1415.)

**DISPOSITION**

The judgment is modified as follows: (1) S.Y. is stricken from the no-visitation order, (2) the Government Code section 76104.6 surcharge is reduced from $60 to $30, and (3) a $120 Government Code section 76104.7 state-only DNA penalty is added. As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and to correct A.Y.'s date of birth in the no-visitation order. The

5

court is further directed to deliver a certified copy of the amended abstract and corrected no-visitation order to the Department of Corrections and Rehabilitation.

　　　　　　　　　　　　　　　　　　　　　　　　　　RAYE　　　　　　, P. J.

We concur:

　　　　BLEASE　　　　　, J.

　　　　NICHOLSON　　　, J.

6