[No. A063275. First Dist., Div. One. Aug. 31, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD EUGENE GENTRY, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*The opinion is partially published in the Official Reports with the exception of the text in parts A and B of the Discussion.

COUNSEL

Glen L. Hauer, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, and Catherine Rivlin, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

STEIN, J.—Appellant Richard Eugene Gentry appeals from the imposition of a $5,000 restitution fine pursuant to Government Code section 13967, subdivision (a). Appellant contends that it was error to impose the fine because it violated the terms of his plea agreement. Arguing in the alternative, appellant contends that even if the plea bargain was not violated, it was

error to impose the restitution fine without a consideration of appellant's ability to pay. For the reasons stated below, we hold (1) that the imposition of the fine did not violate the terms of the plea agreement, (2) that the appellant waived the ability to pay issue by not raising it in the trial court, and (3) despite the waiver the record supports an implied finding of defendant's ability to pay.

## FACTUAL BACKGROUND

Appellant entered a negotiated plea of no contest to one count of violating Penal Code section 288.5 (continual sexual abuse of a child under the age of 14 years) and admitted special allegations pursuant to Penal Code section 1203.066, subdivision (a)(8) and (9) (substantial sexual contact with a victim under the age of 11 years and abuse of a position of trust). Appellant's plea was conditioned on the dismissal of two other related counts and a sentence not to exceed twelve years.

Appellant signed a form entitled "Waiver of Constitutional Rights and Declaration in Support of Defendant's Motion to Change Plea," which contained, inter alia, the following clause: "In addition to other penalties that may be ordered by the court, I may be subjected to fines that may vary in amount from $10.00 to $10,000.00."

After the plea was entered but before sentencing, a probation report was filed that recommended a $5,000 fine to cover the cost of the victim's therapy. The trial court sentenced appellant to 12 years in state prison and imposed a $5,000 restitution fine. At sentencing, appellant did not object to the fine.

## DISCUSSION

A., B.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

C. *The record supports an implied finding on appellant's ability to pay.*

Moreover, the record supports an implied finding on defendant's ability to pay. We believe that it would be unfair to the beneficiaries of the Restitution Fund to allow defendants to avoid the imposition of restitution fines while allowing them to retain their prison wages and also earn work-release credits. Accordingly, we hold that in making an ability to pay

*See footnote, *ante*, page 1374.

determination the court may consider a defendant's future prison wages in their entirety as well as the possibility of employment upon defendant's release from prison.

The report by the Assembly Committee on Public Safety stated in pertinent part: "The term 'ability to pay' means the overall capability of the defendant to pay the costs set by the court. The court must consider the defendant's present financial situation; reasonably discernible future financial position; likelihood that the defendant shall be able to obtain employment within the six-month period from the date of the hearing; any other factors which may bear upon the defendant's financial capability."

Government Code section 13967.5, subdivision (b) dictates that a restitution fine shall be deemed a debt of the defendant owing to the state. Penal Code section 1214, subdivision (a) provides, "If the judgment is for a fine, including a restitution fine ordered pursuant to Section 13967 of the Government Code, with or without imprisonment, the judgment may be enforced in the manner provided for the enforcement of money judgments generally." Penal Code section 1214, subdivision (c) states that the 10-year statute of limitation on the enforcement of judgments shall not apply to any fine imposed pursuant to section 13967. (See *People* v. *Long* (1985) 164 Cal.App.3d 820, 827-828 [210 Cal.Rptr. 745].)

Appellant contends that it would take 27 years at the prison's top rate of $75 monthly to pay the fine.[6] Appellant reaches this conclusion by citing to the Department of Correction's procedure in deducting 20 percent from prisoner's wages in order to pay restitution fines. Appellant's reasoning is flawed. Even though the Director is authorized to make a 20 percent deduction,[7] it does not follow that the court cannot consider the remaining 80 percent in making an ability to pay determination. Appellant was sentenced to 12 years in state prison. Using appellant's top figure of $75 per month, appellant could satisfy the $5,000 fine in less than six years. Upon appellant's release 20 percent of his earnings will already be in the hands of the state.[8] Appellant can satisfy the remainder of the debt either through what is left of his prison wages or through future employment. Appellant is

[6]Appellant also contends that his bad back precludes him from becoming a productive member of the prison work force. Such a conclusory statement that is not supported by any evidentiary showing is insufficient for us to conclude that appellant could not secure prison employment.

[7]The Director of Corrections is permitted to deduct a reasonable amount that must not exceed 50 percent. Currently, the standard deduction is held to 20 percent. (Pen. Code, § 2085.5; Cal. Code Regs., tit. 15, § 3097.)

[8]Penal Code section 1205.5 provides that the failure to pay restitution fines ordered in felony cases shall not result in imprisonment.

only 31 years old and no doubt will have to seek employment upon his release from prison.[9]

We do not believe that the our holding will deprive inmates of all incentive to become part of the prison work force. The lure of early release will be incentive enough. (See Pen. Code, § 2933.) Nor do we believe that the collection of restitution fines will be more trouble than their worth. Government Code section 13967.5, subdivision (b) permits the amount of the recovery to be increased by a sum sufficient to cover any costs incurred by the state's attempt to recover amounts owing on a restitution fine. Our holding supports the constitutional mandate of California Constitution, article I, section 28, subdivision (b), which demands that ". . . all persons who suffer losses as a result of criminal activity shall have the right to restitution from the persons convicted of the crimes for losses they suffer."

The judgment is affirmed.

Strankman, P. J., and Dossee, J., concurred.

A petition for a rehearing was denied September 28, 1994, and appellant's petition for review by the Supreme Court was denied November 16, 1994.

[9]Even if appellant would not command the prison's top rate of $75 monthly, the reasoning behind our analysis would still favor an implied finding on appellant's ability to pay.