Filed: 10/3/13

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>JACOB ANTHONY VALENZUELA,<br><br>　　　Defendant and Appellant. | H038658<br>(Santa Clara County<br>Super. Ct. No. CC818758) |

## I. INTRODUCTION

A variety of fines, fees, assessments, and penalties may or must be imposed on a criminal defendant upon conviction. This appeal involves one of them, the $10 crime prevention fine mandated by Penal Code section 1202.5[1] on conviction of specified offenses if a trial court determines the defendant is able to pay it.

An information charged defendant Jacob Anthony Valenzuela and two codefendants, Richard Anthony Gonzales and Jonathan Lorenzo Dena, with robbing Abhey Sharma of his car keys and wallet (count 4; § 211), carjacking his rental car (count 3; § 215), kidnapping him during the carjacking (count 2; § 209.5), and attempting to murder him (count 1; §§ 187, 664). The information further alleged personal use of a handgun and infliction of great bodily injury by some of the defendants. (§ 12022.53.)

Pursuant to a plea bargain, the information was amended to allege that defendant personally used a handgun during the robbery and carjacking. Two counts were also

---

[1] Unspecified section references are to the Penal Code.

added charging defendant with simple kidnapping (count 5; § 207) and assault with a deadly weapon (count 6; § 245, subd. (a)(1)) involving personal use of a handgun (§§ 12022.5, subd. (a)(1), 12022.53). The court advised defendant during the change of plea hearing that the sentencing judge may impose fines of "up to $40,000" plus penalty assessments and that certain fines and fees are required by law, including $30 per count for court operations, $30 per count for a criminal conviction assessment, and a criminal justice administration (or "booking") fee of $129.75, subject to defendant's ability to pay. In exchange for a sentence of 24 years, defendant pleaded no contest to four counts, carjacking, robbery, kidnapping, and assault with a deadly weapon, and admitted that each crime involved his personal use of a handgun.

In addition to a 24-year prison sentence, the probation report recommended ordering defendant to pay victim restitution in an amount to be determined, a maximum restitution fine of $10,000 under section 1202.4, an equivalent parole revocation fine under section 1202.45, $120 in court security fees under section 1465.8, $120 in criminal conviction assessments under Government Code section 70373, the $129.75 booking fee under Government Code sections 29550 through 29550.2, and a $10 fine plus penalty assessment under section 1202.5. At sentencing, the court imposed the recommended sentence, including the fines, fees, and assessments with "a 10-dollar fine plus penalty assessment pursuant to Penal Code section 1202.5," but waived the $129.75 booking fee. According to the abstract of judgment, the penalty assessment on a $10 base fine is an additional $28.

On appeal, defendant's only contention is that the $10 fine and associated $28 penalty should not have been imposed under section 1202.5 without either a finding or

evidence of his ability to pay.[2] For the reasons stated here, we will affirm the judgment after concluding that defendant has forfeited these arguments by not making them in the trial court and that his trial counsel was not ineffective for failing to do so.

## II. THE UNDERLYING CRIMES

As the nature of the crimes is not strictly relevant to the issues on appeal, we describe them only briefly. Evidence was presented at the preliminary examination that defendants Jacob Valenzuela and Richard Gonzales, both then 18 years old, obtained the cell phone of a stranger, Abhey Sharma, by asking to borrow the phone while he was using it outside his residence in San Jose. After he voluntarily handed over the phone, both defendants pulled out handguns and asked Sharma what was in his pockets. When he produced keys to a rental car and said he might have money in the car, Gonzales got into the back seat with Sharma and told Valenzuela where to drive.

As they drove, Gonzales told Sharma to keep his head down and threatened more than once to "pop" him on the spot when Sharma tried to observe his location. Gonzales used Sharma's phone to call Jonathan Dena, then 16 years old (and prosecuted as an adult). Gonzales directed defendant to a corner where they picked up Dena and then drove into the hills of San Jose. After the car stopped in a deserted area, Sharma complied with Gonzales's directions to get out, put his hands on his head, and walk up an embankment. Gonzales followed him, still holding a gun. Sharma pleaded for his life, saying he had a disabled son. Gonzales said, " 'you don't know me bitch, I'm a butcher and I'm going to waste you.' "

---

[2] Defendant does not contend that the trial court failed to consider defendant's ability to pay as required by section 1202.4, subdivisions (c) and (d), before imposing the maximum restitution fine of $10,000, perhaps because it was defendant's burden to demonstrate his inability to pay that fine. (§ 1202.4, subd. (d).)

Gonzales touched the gun to the back of Sharma's head. Sharma recalled seeing two flashes and hearing two bangs. When he turned around after the second flash, the teenagers and the rental car were gone. Sharma was treated at a hospital that night for a five-inch laceration above his left eye and two small puncture wounds on the back of his head. No bullet or metal fragment was located in his head.

At defendant's residence, the police located the rental car and two handguns, a loaded .38 millimeter revolver and an inoperable 9 millimeter handgun. Sharma's DNA was found on the slide area of the 9 millimeter gun; Gonzalez's DNA was on the revolver.

### III. DEFENDANT'S CLAIM WAS FORFEITED

The challenged fine in this case was imposed under section 1202.5, subdivision (a), which states: "In any case in which a defendant is convicted of any of the offenses enumerated in Section 211, 215, 459, 470, 484, 487, 488, or 594, the court shall order the defendant to pay a fine of ten dollars ($10) in addition to any other penalty or fine imposed. If the court determines that the defendant has the ability to pay all or part of the fine, the court shall set the amount to be reimbursed and order the defendant to pay that sum to the county in the manner in which the court believes reasonable and compatible with the defendant's financial ability. In making a determination of whether a defendant has the ability to pay, the court shall take into account the amount of any other fine imposed upon the defendant and any amount the defendant has been ordered to pay in restitution." The statute further provides that "[a]ll moneys collected shall implement, support, and continue local crime prevention programs." (*Id.* at subd. (b)(1).)

The Attorney General argues that defendant cannot assert his inability to pay the $10 fine for the first time on appeal, relying on *People v. Crittle* (2007) 154 Cal.App.4th 368 (*Crittle*), among other cases. In *Crittle*, the defendant complained of being subjected to two $10 fines under section 1202.5, subdivision (a). The Third District Court of Appeal concluded, "Since defendant did not raise the issue in the trial court, we reject his

4

contention that the fines must be reversed because the court did not make a finding of defendant's ability to pay them, and nothing in the record shows he had the ability to pay." (*Crittle, supra,* at p. 371.) As to the second fine, however, the court concluded that it was an unauthorized sentence "because the crime prevention fine can be imposed only once" and unauthorized sentences are not subject to the forfeiture rule. (*Ibid.*)

Defendant asks us instead to follow this court's decision in *People v. Pacheco* (2010) 187 Cal.App.4th 1392 (*Pacheco*). *Pacheco* did not involve a challenge to a section 1202.5 fine. This court determined that a defendant can assert for the first time on appeal the lack of evidence of his ability to pay a booking fee of $259.50, defense attorney fees of $100 under section 987.8, and a probation supervision fee of $64 per month under section 1203.1b. (*Pacheco, supra,* at pp. 1397-1401).

*Pacheco* was disapproved by the California Supreme Court in *People v. McCullough* (2013) 56 Cal.4th 589 (*McCullough*) after the briefs were filed in this case. *McCullough* affirmed a decision of the Third District that the inability to pay a booking fee must be first asserted in the trial court. In that case, the California Supreme Court assumed that the applicable statute was Government Code section 29550.2, and not related sections 29550 or 29550.1. (*McCullough*, *supra*, 56 Cal.4th at p. 592.) In pertinent part, Government Code section 29550.2, subdivision (a), states " '[i]f the person has the ability to pay, a judgment of conviction shall contain an order for payment of the amount of the criminal justice administration [booking] fee by the convicted person . . . .' " (*McCullough, supra,* at pp. 590-591.) Unlike section 1202.5, Government Code section 29550.2 does not direct the trial court to consider any particular circumstances in evaluating a defendant's ability to pay. The question for us is how broadly to apply the holding of *McCullough*.

*McCullough* explained that "neither forfeiture nor application of the forfeiture rule is automatic." (*McCullough*, *supra*, 56 Cal.4th 589, 593.) "Our application of the forfeiture bar to sentencing matters is of recent vintage." (*Id.* at p. 594.) The court

5

acknowledged that "[p]arties may generally challenge the sufficiency of the evidence to support a judgment for the first time on appeal . . . ." (*Id.* at p. 596.) The court was thus required to decide whether determining a defendant's ability to pay a fine was the kind of sentencing error that can be forfeited.

The defendant in *McCullough* argued that booking fee orders result from application of "'an objective legal standard'" akin to orders for involuntary HIV testing under section 1202.1 and *People v. Butler* (2003) 31 Cal.4th 1119. (*McCullough*, *supra*, 56 Cal.4th 589, 596-597.) The Supreme Court concluded, "we hold here that because a court's imposition of a booking fee is confined to factual determinations, a defendant who fails to challenge the sufficiency of the evidence at the proceeding when the fee is imposed may not raise the challenge on appeal." (*Id.* at p. 597) A "defendant's ability to pay the booking fee here does not present a question of law . . . ." (*Ibid.*)

Parts of the *McCullough* decision indicate that the court intended a narrow holding. The court itself stated, "Given that imposition of a fee is of much less moment than imposition of sentence, and that the goals advanced by judicial forfeiture apply equally here, we see no reason to conclude that the rule permitting challenges made to the sufficiency of the evidence to support a judgment for the first time on appeal 'should apply to a finding of' ability to pay a booking fee under Government Code section 29550.2. [Citation.] We disapprove *People v. Pacheco*, *supra*, 187 Cal.App.4th 1392, to the extent it holds the contrary." (*McCullough*, *supra*, 56 Cal.4th at p. 599; fn. omitted.)

The court specifically distinguished the booking fee from other statutes that require trial courts to consider a defendant's ability to pay before imposing a fee or costs. In reaching its conclusion about the booking fee, *McCullough* reviewed nine other statutes and pointed out that, "[i]n contrast to the booking fee statutes, many of these other statutes provide procedural requirements or guidelines for the ability-to-pay determination." (*McCullough*, *supra*, 56 Cal.4th 589, 598.) "We note these other statutes because they indicate that the Legislature considers the financial burden of the

6

booking fee to be de minimis and has interposed no procedural safeguards for its imposition. In this context, the rationale for forfeiture is particularly strong." (*Id.* at p. 599.)

Among the statutes discussed in *McCullough*, section 987.8 provides for an extensive procedure before a criminal defendant is ordered to pay all or part of the cost of court-appointed counsel, including notice before appointment and an evidentiary hearing on the defendant's present ability to pay. (§ 987.8.) *McCullough* disapproved of *Pacheco* as to the ability to pay a booking fee but left intact *Pacheco's* holding as to the ability to pay attorney fees under section 987.8.

Notably, the Supreme Court did not disapprove of this court's decision in *People v. Viray* (2005) 134 Cal.App.4th 1186 (*Viray*). *Viray* stated, "We do not believe that an appellate forfeiture can properly be predicated on the failure of a trial attorney to challenge an order concerning *his own fees*" (*id.* at p. 1215) and concluded that "no predicate objection in the trial court . . . " (*id.* at p. 1217) was required to assert on appeal the "dearth of evidence that defendant would be able to pay $9,200 in defense costs over the six months following the hearing." (*Ibid.*) *McCullough* distinguished *Viray*, stating that the case "merely references the general rule that an appellate challenge to the sufficiency of the evidence 'requires no predicate objection in the trial court.' " (*McCullough*, *supra*, 56 Cal.4th 589, 599, fn. 2.)

Section 1202.5 was not among the statutes discussed by *McCullough*, but a statute with very similar language was addressed. *McCullough* noted that "[e]ven Health and Safety Code section 11372.7, which mandates that individuals convicted under the California Uniform Controlled Substances Act [citation] pay a drug program fee '[i]f the court determines that the person has the ability to pay,' provides more guidance to courts in imposing fees than does Government Code section 29550.2: a court shall impose a drug program fee if it 'is reasonable and compatible with the person's financial ability,' including the financial impact of 'any fine imposed upon that person and any amount that

person has been ordered to pay in restitution.' (Health & Saf. Code, § 11372.7, subd. (b).)" (*McCullough*, *supra*, 56 Cal.4th 589, 599.)[3] The three quoted provisions of Health and Safety Code section 11372.7 are virtually identical to the last two sentences of section 1202.5, subdivision (a).[4]

*McCullough* identified Government Code section 29550.2 as involving a fee the Legislature must have regarded as de minimis, given the lack of procedural safeguards. By negative implication, the rationale for forfeiture is weaker when the Legislature does provide procedural safeguards. Did the Supreme Court intend a bright line rule that any statutory constraint on determining a defendant's ability to pay exempts the determination from forfeiture? We think not. The court emphasized that the essentially factual nature of determining a defendant's ability to pay favors the issue being aired in the trial court. What a particular defendant can realistically afford will depend on his or her assets and foreseeable sources of income, the length of any incarceration, and the amount of victim restitution, fines, fees, assessments, and penalties imposed. Such issues can rarely be determined as a matter of law on appeal unless, for example, the trial court manifestly overlooked a statutory direction to discount a potential source of future

---

[3] While this passage in *McCullough* contrasted Health and Safety Code section 11372.7 with the booking fee statute, we note that *McCullough* also cited with apparent approval *People v. Martinez* (1998) 65 Cal.App.4th 1511, 1517, which found that a challenge to the court's order under Health and Safety Code section 11372.7 was forfeited "largely because 'factual issues come into play in determining whether a defendant has the ability to pay' the otherwise mandatory drug program fee." (*McCullough*, *supra*, 56 Cal.4th 589, 597.)

[4] Indeed, the same language appears in sections 1203.1e, subdivision (b) (parole supervision costs), 1203.1h, subdivision (a) (medical examination costs in cases of child abuse or neglect), Government Code section 27755, subdivision (c) (court-related costs), Vehicle Code section 23645, subdivision (c), and section 1463.13, subdivision (e) (alcohol abuse and prevention penalty assessment), and Vehicle Code section 23649, subdivision (b) ("county alcohol and drug problem assessment program").

8

income.  (Cf. § 987.8, subd. (g)(2)(B)) ["Unless the court finds unusual circumstances, a defendant sentenced to state prison shall be determined not to have a reasonably discernible future financial ability to reimburse the costs of his or her defense."].)  We understand *McCullough* to say that a number of circumstances, not just the existence of statutory guidelines, are relevant to determining whether a defendant's inability to pay a fine, fee, cost, or assessment must be asserted first in the trial court.[5]

As noted above, *McCullough* found the rationale for forfeiture stronger when a fee is de minimis and the Legislature has identified no procedure or guidelines for its imposition.  (*McCullough*, *supra*, 56 Cal.4th 589, 599.)  We recognize that the statutory guidelines for imposing the crime prevention fine are identical to those associated with a drug program fee of up to $150 per offense under Health and Safety Code section 11372.7.  However, given the different magnitude of the amount at issue here, we believe that the $10 per case fine, even with the $28 penalty assessment added, is sufficiently de minimis to justify applying *McCullough's* reasoning.  This is particularly so in light of the costs of presenting and reviewing the merits of such a contention on appeal.  Considering how easily defendant could have obtained a trial court determination by asserting that he was unable to pay the $10 fine recommended in the probation report, we conclude that it is too late for him to raise the issu e for the first time on appeal.  A defendant's factual inability to pay all or part of the de minimis $10 crime prevention fine and associated penalty assessment is forfeited if not raised in the trial court.

---

[5] *McCullough*'s nuanced approach to applying forfeiture differs from the simple forfeiture rule applied to crime prevention fines by the Third District in *Crittle*, *supra*, 154 Cal.App.4th 368.  The Third District relied on *Crittle* in issuing the opinion reviewed in *McCullough*.  We observe that the Supreme Court did not mention *Crittle* in upholding the Third District's conclusion in *McCullough*, *supra*, 56 Cal.4th 589.

## IV. TRIAL COUNSEL WAS NOT INEFFECTIVE

Defendant argues in the alternative that if his challenge to the section 1202.5 fine was forfeited, his trial counsel's failure to object to the fine and penalty assessment was constitutionally ineffective.

The requirements for establishing that criminal trial counsel was constitutionally deficient are well-known.  First, counsel's conduct must fall outside the wide range of reasonable professional assistance.  Second, the defendant must establish prejudice resulting from counsel's errors or omissions, namely, that there is a reasonable probability of a more favorable outcome but for such errors.  A probability is reasonable when it is sufficient to undermine confidence in the outcome.  (*Strickland v. Washington* (1984) 466 U.S. 668, 694; *People v. Bolin* (1998) 18 Cal.4th 297, 333; *People v. Vines* (2011) 51 Cal.4th 830, 875.)

"[W]hen considering a claim of ineffective assistance of counsel, 'a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . .  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.'  (*Strickland v. Washington*, *supra*, 466 U.S. 668, 697.)  A defendant must prove prejudice that is a ' "demonstrable reality," not simply speculation.'  [Citations.]"  (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1241.)

Defendant strives to establish on appeal the reasonable probability that the trial court would have found him unable to pay any part of the $10 fine.  The probation report noted that defendant completed the 11th grade in 2007 and had no employment history.  By the time of sentencing, defendant had been in custody for 1,325 actual days.  Attached to the probation report was an IQ test administered to defendant on May 3, 2011 and supplied by defense counsel recording defendant's full scale IQ as 62, defined as "Mildly Delayed."

10

Defendant fails to account for his potential wages while in prison. Penal Code section 2700 provides, in relevant part, "The Department of Corrections shall require of every able-bodied prisoner imprisoned in any state prison as many hours of faithful labor in each day and every day during his or her term of imprisonment as shall be prescribed by the rules and regulations of the Director of Corrections." The section also requires that prisoners who perform assigned work be compensated. (*Ibid.*) The trial court could have been mindful of this potential income source in imposing the crime prevention fine and related penalty assessment. (*People v. Frye* (1994) 21 Cal.App.4th 1483, 1487; *People v. Gentry* (1994) 28 Cal.App.4th 1374, 1377-1378; *People v. Ramirez* (1995) 39 Cal.App.4th 1369, 1377; *People v. Douglas* (1995) 39 Cal.App.4th 1385, 1397.)

In light of the minimal amount of the fine and the prospect of prison earnings, we cannot fault defense counsel for not asserting seriously that defendant was unable to pay a total of $38 beyond the $10,000 restitution fine, $120 court security fees, and $120 criminal conviction assessments also imposed in this case.

## V. DISPOSITION

The judgment is affirmed.

_____
Grover, J.

**WE CONCUR:**

_____
Rushing, P.J.

_____
Marquez, J.

11

| | |
|---|---|
| Trial Court: | Santa Clara County Superior Court<br><br>Superior Court Case No.: CC818758 |
| Trial Judge: | Hon. Rise Jones Pichon |
| Attorneys for Plaintiff/Respondent:<br><br>The People | Allan Yannow<br><br>Office of the Attorney General |
| Attorneys for Defendant/Appellant:<br><br>Jacob Anthony Valenzuela | Thomas M. Singman |

*People v. Valenzuela*
H038658