Filed 3/4/16  P. v. Marquez CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL - STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION ONE

THE PEOPLE,
Plaintiff and Respondent,
v.
LUCIO MARQUEZ,
Defendant and Appellant.

**D067444**

**Imperial County No. JCF32961**

THE COURT:

It is ordered that the opinion filed herein on February 29, 2016, be modified as follows:

On page 1, the first sentence shall be deleted in its entirety and replaced with the following sentence:

APPEAL from a judgment of the Superior Court of Imperial County, Raymond A. Cota, Judge.

**There is no change in the judgment.**

Copies to:  All parties

                                                      HALLER, Acting P. J.

cc:  All Parties

Filed 2/29/16  P. v. Marquez CA4/1 (unmodified version)
NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067444 |
| Plaintiff and Respondent, | |
| v. | (Super.  Ct. No. JCF32961) |
| LUCIO ARMANDO MARQUEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Raymundo A. Cota, Judge.  Affirmed as modified.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Heidi Salerno, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found Lucio Marquez guilty of second degree robbery. (Pen. Code, § 211.)[1] The court imposed a five-year state prison sentence for the robbery conviction, plus a 16-month consecutive sentence on a prior case. Marquez's sole challenge on appeal concerns two $200 fines: one for his court-appointed counsel under section 987.8 and one for the probation report under section 1203.1b. The Attorney General concedes the court erred in imposing the court-appointed counsel fee. We agree and strike this fee. On the probation report cost, we reject Marquez's challenge and affirm.

### FACTUAL AND PROCEDURAL SUMMARY

A jury found Marquez committed the robbery offense based on evidence showing he demanded an individual give him his belongings or he would stab him. After the victim handed him his items, Marquez punched the victim in the ribs. Shortly after, officers arrested Marquez and found his knife in a nearby trash can.

The amended probation report showed 19-year-old Marquez has a lengthy criminal history. Despite numerous efforts to provide him with rehabilitation, Marquez has continued to commit crimes. He is unmarried and has no children. As to his employment history, the probation report stated: "The defendant is currently unemployed. When the defendant was on juvenile probation, he was sent to out of home placement. While he was at one of the many placement homes, he worked as a janitor for one month. That is his only work experience." The report also stated that Marquez

---

[1] All further statutory references are to the Penal Code.

2

"relies on his mother financially." The probation report indicated that Marquez is affiliated with a gang from Calexico.

The probation officer recommended Marquez "be found to have the ability to pay for the services of his court-appointed attorney, and that an appropriate amount be set at $200.00." The probation officer also recommended that Marquez "be ordered to pay an administrative fee in the amount of $200.00 for the preparation of this report, pursuant to County Ordinance 2.84.040[2] and [section] 1203.1b." At the sentencing hearing, the court first determined the appropriate sentence length (a total of six years four months). The court then stated it was prepared to follow the probation officer's recommendation on the other portions of the sentence (including the fees and fines), and asked whether counsel had any comments.

Defense counsel responded by objecting to the proposed $200 fines for the attorney fees and the probation report preparation, arguing Marquez could not afford to pay these amounts. Marquez's counsel stated: "Marquez has been unemployed relying on his family for support. He did have one month where he worked doing custodial work, but other than that, he has not had any earnings and because of that, because it's a State Prison commitment [he] will not have the ability to earn anything until he's completed the entirety of this State Prison commitment."

The court disagreed with these assertions, stating:

---

2    Imperial County Ordinance 2.84.040 states: "Pursuant to [section] 1203.lb(a), the county of Imperial establishes an adult pre-sentence investigation fee of two hundred dollars ($200.00) per case. However, pursuant to statute, this amount may be adjusted by the probation department based on ability to pay."

"I'm not . . . accepting of the proposition . . . about the Defendant's inability to pay. [¶] I remember reading the report that he [relied] on his mother for his economic needs but I didn't read any reason why that is the case, other than the Defendant apparently chooses not to be employed . . . .

"But I don't see anything in the report that leads me to believe he cannot earn monies like anybody else, at least while he's outside of State Prison walls. [¶] As far as is obviou[s], he [will] be restricted in his ability to earn money, other than what's available in the State Prison system[.] [T]hat's the case for everybody[.] [U]nless you're independently wealthy, which is not all that often the case, [d]efendants are in a bind as far as having monies to pay for any number of different fines- and- fees that the court typically orders. [¶] And I'm assuming that they do the best they can, the inmates with the scant monies that are available to be earned by doing any number of different jobs that are available in the State Prison system and whatever they cannot pay, then will carry over [during] the Parole period and then they are expected to become engaged in employment.

"And going back to where we started, there doesn't seem to be any reason why this Defendant can't go to work like anybody else, so it would be unfair, I think, if I were to say: [¶] 'Well, this person doesn't have the means to pay fines or fees because he chooses not to work . . . " [¶] Whereas, I'm going to order a person who is gainfully employed to pay monies because he chooses to work and somehow it doesn't sound fair to me, so I'm not . . . convinced or persuaded . . . that I should do what you're asking me to do."

After the prosecutor said he had no comments on this issue, the court found Marquez had the ability to pay $200 for the services of the court-appointed counsel. The court also ordered Marquez to pay $200 for the cost of the probation report.

DISCUSSION

I. *Reimbursement of Counsel Fees*

Section 987.8 governs the court's authority to require a convicted criminal defendant to pay for legal services provided to him. (See *People v. Verduzco* (2012) 210

4

Cal.App.4th 1406, 1420.)  A court may order the defendant to reimburse the costs or a portion of the costs of counsel, if the defendant has the present or future ability to pay. (§ 987.8, subds. (f), (g)(2)(A)(B).)  The statute defines a future-ability-to-pay to mean "a period of [no] more than six months from the date of the hearing."  (§ 987.8, subd. (g)(2)(B).)  Additionally, the statute states:  "Unless the court finds unusual circumstances, a defendant sentenced to state prison shall be determined *not* to have a reasonably discernible future financial ability to reimburse the costs of his or her defense."  (*Ibid.*, italics added.)

Under these statutory provisions, Marquez argues, and the Attorney General concedes, the court erred in ordering him to pay $200 for reimbursement of attorney services.  We accept this concession.  It was undisputed Marquez had no financial resources at the time of the hearing, and there is a statutory presumption he did not have a future ability to pay because he was sentenced to state prison.  The prosecutor did not present any facts or unusual circumstances rebutting this presumption.

In reaching this conclusion, we remind prosecuting agencies of the importance of training attorneys to be familiar with the statutes governing fines and fees.  An appellate challenge to a $200 fine is a waste of public resources.  Although we are legally bound to consider the claim and provide a written opinion on every appeal, this error could have been avoided had the prosecutor reminded the court of the conditions set forth in section 987.8.

5

II. *Reimbursement of Probation Report Costs*

A. *Applicable Law*

Section 1203.1b governs a court's authority to order the defendant to pay for the cost of preparing the probation report. " 'Section 1203.1b . . . reflect[s] a strong legislative policy' " to shift the costs of criminal conduct from the county treasury to convicted defendants. (*People v. Valtakis* (2003) 105 Cal.App.4th 1066, 1073.) The statute provides that after a conviction, the court shall order the defendant to pay all or a portion of the reasonable costs of certain probation services, including the preparation of a presentence report, "if the defendant has the ability to pay those costs . . . ." (§ 1203.1b, subd. (b).)

Section 1203.1b defines "ability to pay" somewhat differently from section 987.8. The statute provides that " 'ability to pay' means the overall capability of the defendant to reimburse the costs, or a portion of the costs," and requires the court to consider all relevant factors, including (1) the defendant's "[p]resent financial position"; (2) the defendant's "[r]easonably discernible future financial position" limited to the "one-year period from the date of the hearing"; and (3) the "[l]ikelihood that the defendant shall be able to obtain employment within the one-year period from the date of the hearing." (§ 1203.1b, subd. (e).)

Unlike section 987.8, there is no presumption that a defendant sentenced to prison does not have a future ability to pay for probation services. (Compare § 1203.1b, subd. (e)(2) with § 987.8, subd. (g)(2)(B).) Additionally, the court may consider a one-year period, rather than the more limited six-month period in section 987.8. (§ 1203.1b, subd.

6

(e)(2).) Moreover, an ability to pay during the one-year period does not necessarily require existing employment or tangible assets. Rather, "a determination of ability to pay may be made based on the person's *ability to earn* where the person has no physical, mental or emotional impediment which precludes the person from finding and maintaining employment . . . ." (*People v. Staley* (1992) 10 Cal.App.4th 782, 783 [interpreting analogous fee statute].)

In determining the ability-to-pay issue, the court's finding may be express or implied, and must be supported by substantial evidence. (See *People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1398; *People v. Phillips* (1994) 25 Cal.App.4th 62, 71-72.) Under the substantial evidence test, "our review is limited to the determination of whether, upon review of the entire record, there is substantial evidence of solid value, contradicted or uncontradicted, which will support the trial court's decision. In that regard, we give great deference to the trial court and resolve all inferences and intendments in favor of the judgment. Similarly, all conflicting evidence will be resolved in favor of the decision." (*People v. Kurey* (2001) 88 Cal.App.4th 840, 848-849, fn. omitted.)

### B. *Analysis*

Marquez contends there was no evidence he had the ability to pay $200 because he had no existing financial resources and no prospects for employment during the one-year period after the hearing. This contention lacks merit.

The trial court is presumed to know the law (*People v. Thomas* (2011) 52 Cal.4th 336, 361), which includes the requirement that "every able-bodied prisoner imprisoned in any state prison" must perform labor for compensation. (§ 2700.) The record reflects

7

that Marquez was a young man with no disabilities, and the court made a factual finding that he could work if he had the desire to do so. Although the court focused on employment opportunities once Marquez was released from prison, the court also recognized that state prisoners earn wages. Based on the court's remarks, we are satisfied the court made the necessary finding that Marquez could afford to pay the $200 within a one-year period, and found Marquez could do so through his prison wages.

Substantial evidence supports this conclusion. In the absence of some indication that Marquez has a disability precluding him from performing any type of labor in prison, it must be presumed that Marquez is capable of earning prison wages. (See *People v. Gentry* (1994) 28 Cal.App.4th 1374, 1377 & fn. 6.) It is further reasonable to conclude that Marquez was capable of earning $200 in one year if he complied with prison work requirements. There is no evidence that Marquez had other financial obligations that would interfere with his ability to pay this fine. The court suspended payment of restitution fines, and the other imposed fees were minimal.

We note that after the initial determination of a defendant's ability to pay, section 1203.1b authorizes a defendant who experiences a change of circumstances to petition for a review of his ability to pay. (§ 1203.1b, subd (f).) If Marquez makes a full effort to obtain employment in prison and his prison wages are insufficient to pay the $200 fine, he may raise this issue with the authorities.

DISPOSITION

The judgment is modified to strike the order requiring Marquez to pay $200 for attorney fees. The superior court is directed to modify the abstract of judgment

8

accordingly and to forward an amended abstract to the Department of Corrections and Rehabilitation.  In all other respects the judgment is affirmed.


HALLER, J.

WE CONCUR:


McCONNELL, P. J.


AARON, J.