Filed 8/26/16  P. v. Israel CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B268629 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA081122) |
| v. | |
| DAVID ISRAEL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark E. Windham, Judge.  Affirmed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant and appellant, David Israel, appeals a decision by the trial court after this court remanded for resentencing. Israel was convicted of lewd act on a child under 14, with recidivist sexual offender and prior serious felony conviction findings (Pen. Code, §§ 288, subd. (a), 667.71, 667, subds. (b)-(i)).[1] He was sentenced to state prison for a term of 55 years to life. In *People v. Israel* (B252966), an unpublished opinion filed on February 4, 2015 (Edmon, P. J. with Kitching & Aldrich, JJ.), we affirmed Israel's conviction, vacated one of his sentences, and remanded for resentencing regarding the imposition of certain fines and assessments.

The judgment entered following resentencing upon remand is affirmed.

## BACKGROUND

While riding a public bus, Israel pushed himself up against an eight-year-old passenger who was on a school trip. Israel fondled the girl's knee, then took out his penis and began rubbing it on her leg. An adult chaperone intervened. Israel has a long history of similar sexual behavior on public buses. He was sentenced to state prison for a term of 55 years to life.

On the initial appeal, both Israel and the Attorney General raised sentencing issues. We agreed with Israel that a child abuse prevention restitution fine imposed pursuant to section 294 should be stricken because the offense for which he was convicted, child molesting under section 288, is not one of the offenses enumerated in either subdivision (a) or subdivision (b) of section 294.[2] We also concluded the trial court erred by not imposing appropriate penalties and surcharges in connection with fines imposed under sections 290.3 and 288, subdivision (e). We then remanded the case for the trial court to determine Israel's ability to pay the penalties and surcharges that should have been imposed under sections 290.3 and 288, subdivision (e).

---

[1] All further references are to the Penal Code unless otherwise specified.

[2] Section 294 provides for special restitution fines where a defendant is convicted of violating sections 273a, 273d, 288.5, 311.2, 311.3, or 647.6, or for violating sections 261, 264.1, 285, 286, 288a, or 289 where the victim is a minor under the age of 14.

Subsequently, during a hearing on September 28, 2015, at which Israel was present, the trial court determined that he did have the ability to pay the $11,150 in fines, penalty assessments and surcharges that should have been imposed as part of his original sentence for his child molesting conviction.

We appointed counsel to represent Israel on appeal. After reviewing the record, counsel filed an opening brief requesting this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441. By notice filed April 28, 2016, the clerk of this court advised Israel to submit within 30 days any contentions, grounds of appeal, or arguments he wished this court to consider. No response has been received to date.

## DISCUSSION

On remand, in addition to the originally imposed $5,000 restitution fine under section 1202.4, the trial court imposed a $500 fine under section 290.3 (with $1,550 penalty assessments) and a $1,000 fine under section 288, subdivision (e) (with $3,100 penalty assessments) for a total of $11,150. The trial court made a determination that, although Israel was in prison and had apparently not yet been assigned to a job, it could be expected that he would get a prison job at some point in the future and out of those wages he would be able to pay the amounts assessed against him.

In determining a defendant's ability to pay a fine, "the trial court is not limited to a consideration of a defendant's present ability to pay but may consider defendant's ability to pay in the future." (*People v. Frye* (1994) 21 Cal.App.4th 1483, 1485.) And that future ability to pay may include prison wages. (See *People v. Ramirez* (1995) 39 Cal.App.4th 1369, 1377 ["In determining whether a defendant has the ability to pay a restitution fine, the trial court may consider the defendant's future ability to pay, including his ability to earn wages while in prison."]; *People v. Gentry* (1994) 28 Cal.App.4th 1374, 1376-77 ["We believe that it would be unfair to the beneficiaries of the Restitution Fund to allow defendants to avoid the imposition of restitution fines while allowing them to retain their prison wages and also earn work-release credits. Accordingly, we hold that in making an ability to pay determination the court may

3

consider a defendant's future prison wages in their entirety as well as the possibility of employment upon defendant's release from prison."].)

We have examined the entire record and are satisfied appellate counsel has fully complied with his responsibilities and that no arguable appellate issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259, 278 [120 S.Ct. 746]; *People v. Wende*, *supra*, 25 Cal.3d at p. 443.)

## DISPOSITION

The judgment entered following resentencing upon remand is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

ALDRICH, J.

LAVIN, J.