Filed 3/15/21  P. v. Martinez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>JONATHAN PETER MARTINEZ,<br><br>  Defendant and Appellant. | 2d Crim. No. B307311<br>(Super. Ct. No. 2020015525)<br>(Ventura County) |

      Jonathan Peter Martinez appeals a judgment following his conviction for second degree robbery.  (Pen. Code, § 211.)[1]  The trial court sentenced him to an aggregate prison term of two years.  It also imposed a $300 restitution fine.  (§ 1202.4.)

      We conclude Martinez has not shown that the trial court erred by imposing the $300 restitution fine.  (§ 1202.4.)  We affirm.

---

    [1] All statutory references are to the Penal Code.

## FACTS

On May 30, 2020, Juan Munoz rode his bicycle to a donut shop. He went into the shop and he "secured" the bicycle "with a lock."

When Munoz came out of the shop, he confronted Martinez who was on Munoz's bicycle and attempting to ride away. Martinez told Munoz to take the lock off his bicycle. Munoz refused.

Martinez then pulled out a "black firearm." He told Munoz to remove the lock from his bicycle. Munoz complied. Martinez took the bicycle and road away on Munoz's bicycle. Munoz contacted the police.

Pursuant to a negotiated plea agreement, Martinez pled guilty to second degree robbery. In that written plea agreement, he acknowledged, among other things, that he "will be ordered to pay a restitution fine of not less than $300 and not more than $10,000." In sentencing, the trial court imposed the lowest possible restitution fine of $300.

At the sentencing hearing, Martinez's counsel did not request an evidentiary hearing on Martinez's ability to pay fines, and counsel did not introduce any evidence on that issue.

## DISCUSSION

### *Validity of the $300 Fine*

Martinez contends the trial court erred in imposing a $300 restitution fine. Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157, he claims the court did not consider his ability to pay the fine before it was imposed, and consequently it must be set aside. He claims his counsel raised this issue in the trial court.

In *Dueñas*, the court held that imposing fines on defendants who lack the ability to pay violates due process. (*People v. Dueñas*, *supra*, 30 Cal.App.5th at p. 1168.)  Courts following *Dueñas* have held the defendant must have "the *opportunity to request a hearing* on his ability to pay."  (*People v. Santos* (2019) 38 Cal.App.5th 923, 934-935, italics added.)

Here Martinez had that opportunity.  His counsel asked the trial court not to impose the fine based on his inability to pay.  But counsel *did not request an evidentiary hearing* on ability to pay.  She did not present evidence, present a declaration, or make a specific offer of proof regarding Martinez's current financial condition.

The People contend Martinez does not have grounds to object to the fine because:  1) he failed to present evidence of his inability to pay, and 2) he did not take advantage of his adequate opportunity to make a factual record in the trial court to show reversible error on appeal.  We agree.

The defendant is "obligated to create a record showing his inability to pay."  (*People v. Aviles* (2019) 39 Cal.App.5th 1055, 1074.)  Because Martinez is in the best position to know his own financial condition, he has the burden to show why a fine should not be imposed.  (*People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1154.)  He has not met his burden.  His trial counsel only presented a very short oral argument.  Martinez consequently did not preserve a factual record in the trial court to support his factual claims on appeal.  (*Ibid.*; see also *People v. Santos*, *supra*, 38 Cal.App.5th at p. 934 ["it is the defendant's burden to demonstrate an inability to pay, not the prosecution's burden to show the defendant *can* pay, as the *Dueñas* decision might be read to suggest"].)

3

Martinez notes that the trial court indicated that the $300 restitution fine was mandatory. But the court was apparently referring to section 1202.4, subdivision (b)(1), which sets forth a mandatory minimum fine of $300. Martinez suggests the court's finding was error because the court has the constitutional authority to waive this fee based on inability to pay notwithstanding the statutory figure. But Martinez's trial counsel did not make a constitutional argument supported by facts in the record to show that this $300 statutory fine was unconstitutional. Moreover, even had Martinez shown that the court made an incorrect statement of law, that would not require reversal of an otherwise valid order. (*People v. Zapien* (1993) 4 Cal.4th 929, 976 [" 'a ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason' "].)

Here there is no showing in this record that the trial court ever prevented Martinez's counsel from presenting evidence about Martinez's inability to pay to make a record for an appeal. Nor did the court prevent his counsel from raising a constitutional argument with evidentiary support. Instead, his counsel made only a very brief claim of inability to pay, and then essentially invited the court to decide the factual issues based on that inadequate factual record. A party may be precluded from claiming error where that party invited the trial court to rule based on an inadequate factual record, and then claims error on appeal involving an issue that requires factual findings. (*People v. Russell* (2010) 50 Cal.4th 1228, 1250; *In re G.P.* (2014) 227 Cal.App.4th 1180, 1193, 1196 [invited error doctrine barred claim on appeal].)

4

Martinez claims the $300 fine is unconstitutional. But the $300 fine the trial court imposed was not high; it was the *lowest* minimum statutory fine. Martinez has not shown that a $300 fine is unconstitutional as being "grossly disproportional" when compared to the gravity of his felony offense. (*United States v. Bajakajian* (1998) 524 U.S. 321, 334 [141 L.Ed.2d 314, 329]; *People v. Aviles, supra,* 39 Cal.App.5th at p. 1070.) For due process purposes, his claim fails because he was "not denied access to the courts or prohibited from presenting a defense." (*People v. Lowery* (2020) 43 Cal.App.5th 1046, 1056.)

Martinez contends the probation report shows that he was unemployed and it did not list his assets. He claims this means he lacked the ability to pay.

But " ' "[a]bility to pay does not necessarily require existing employment or cash on hand." ' " (*People v. Aviles, supra,* 39 Cal.App.5th at p. 1076.) The court may consider the defendant's ability to pay in the future. (*Ibid.*) This may include the defendant's "ability to earn prison wages." (*People v. Santos, supra,* 38 Cal.App.5th at p. 934.) These fines may be paid in installments. Martinez was sentenced to a state prison term. At the time of sentencing, he was 21 years of age. He told the probation department that "his physical health is 'great.' " Martinez made no showing in the trial court that he has any physical disability that prevents him from working. (*People v. Frye* (1994) 21 Cal.App.4th 1483, 1487 ["If defendant was ineligible for prison work assignment, it was incumbent upon him to alert the court to any such disability"].) As stated in *Aviles,* "We can infer defendant in this case has the ability to pay the fines and fees imposed upon him from probable future wages, including prison wages." (*Aviles,* at p. 1076; *People v. Gentry*

5

(1994) 28 Cal.App.4th 1374, 1377 ["Appellant can satisfy the remainder of the debt either through what is left of his prison wages or through future employment"].)

Martinez, as a felon sentenced to a prison term, "is not similarly situated to the misdemeanor probationer in *Dueñas*." (*People v. Johnson* (2019) 35 Cal.App.5th 134, 139.)  Even had he shown error, the error is harmless considering the low amount of this fine.  (*Id.* at pp. 139-140 [the claim that a prisoner could not pay a fine from prison wages was not meritorious].)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


PERREN, J.


TANGEMAN, J.

6

Rocky J. Baio, Judge

Superior Court County of Ventura

_____

Richard Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.